IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40369
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENATO CARDENAS-GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-1073-1
--------------------
February 15, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Renato Cardenas-Garcia ("Cardenas") appeals his guilty-plea conviction for unlawful reentry into the United States following a prior deportation in violation of 8 U.S.C. § 1326(a) and (b).

For the first time on appeal, Cardenas contends that his sentencing enhancement under § 1326(b), for having committed an "aggravated felony" prior to reentry, was unconstitutional because his indictment failed to allege such prior offense. He correctly acknowledges that this argument is precluded by Almendarez-Torres v. United States, 523 U.S. 224 (1998), which

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

holds that the "aggravated felony" is merely a sentencing factor that need not be pleaded in the indictment. A more recent decision cited by Cardenas, Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), does not change this result. See Apprendi, 120 S. Ct. at 2362-63 ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury[.]").

Cardenas also argues for the first time on appeal that his indictment was insufficient because it failed to allege general intent. Because the indictment charged that Cardenas had been deported or removed and had subsequently been found in the United States without having obtained the consent of the Attorney General, the indictment imported that his reentry was voluntary, and the charge was therefore statutorily sufficient. See United States v. Guzman-Ocampo, 236 F.3d 233, 239 (5th Cir. 2000).

The judgment of the district court is AFFIRMED.